JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ITPEU Pension Fund, et al.

**DEFENDANTS**
Sabrosa Foods

**(b)** County of Residence of First Listed Plaintiff  Union County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan A. Murray, Esq. - Freedman & Lorry, P.C.
1601 Market St., Suite 1500, Philadelphia, PA 19103
smurray@freedmanlorry.com, (215) 931-2506

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132(e) and 1145
Brief description of cause:
Collection of contractually obligated contributions owed to the benefit funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 09/13/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FREEDMAN AND LORRY, P.C.
BY:  SUSAN A. MURRAY, ESQUIRE
(SM-7713)
1601 Market Street, 15th Floor
Philadelphia, PA  19103
(215) 931-2506
Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ITPEU PENSION FUND, by and through its          :
Board of Trustees, Co-Chairmen DENNIS           :
ARRINGTON and JERRY BOWDEN                       :
216 North Ave. East, 2nd Fl.                   :
Cranford, NJ  07016                              :
                               :
      and             :
                               :
ITPEU HEALTH AND WELFARE FUND, by and :
Through its Board of Trustees, Co-Chairmen       :
DENNIS ARRINGTON and HAROLD E.                   :
GELBER                                           :
25 Chatham Center South, Suite 100               :
Savannah, GA 31405                               :
                               :
      and             :
                               :
ITPEU ANNUAL BENEFIT FUND, by and               :
Through its Board of Trustees, Co-Chairmen       :
DENNIS ARRINGTON and JOHN   MORGAN               :
216 North Ave., East, 2nd Fl.                  :
Cranford, NJ 07016                               :
                               :
      Plaintiffs,    :
                               :
      v.              :
                               :
SABROSA FOODS, INC.                              :
520 W. 21st Street                             :
Unit G-2 PMB 132                                 :
Norfolk, VA 23517                                :
                               :
      Defendant       :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under LMRA 29 U.S.C. §185(a), ERISA 29 U.S.C. § 1132 and 29 U.S.C. §1145 and the pendent jurisdiction of the Court.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3.      Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

### PARTIES

4.      Plaintiff, ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (2)(A) and (3).   Dennis Arrington and Jerry Bowden, are trustees and fiduciaries with respect to the Pension Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Pension Fund.  The Pension Fund is administered in the District of New Jersey at the address listed in the caption.

5.      Plaintiff, ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold Gelber ("Welfare Fund") is a  trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3).  Dennis Arrington and Harold Gelber are trustees

and fiduciaries with respect to the Welfare Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Welfare Fund.  The Welfare Fund is administered at the address listed in the caption.

6.      Plaintiff, ITPEU Annual Benefit Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and John Morgan ("Annual Fund" hereinafter collectively called the "Funds"), is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3).  Dennis Arrington and John Morgan are trustees and fiduciaries with respect to the Annual Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Annual Fund.  The Annual Fund is administered in the District of New Jersey at the address listed in the caption.

7.      Defendant Sabrosa Foods, Inc. (hereinafter "the Employer") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

## FACTS

8.      Employer was a government contractor under the McNamara–O'Hara Service Contract Act of 1965 ("SCA"), 41 U.S.C. §§ 6701–6707.

9.      At all times relevant to this action, the Employer was a party to a collective bargaining agreement(s) with the ITPEU, OPEIU Local 4873, AFL-CIO (singly or jointly, "Labor Contract").   The Employer assumed the Labor Contract with the ITPEU April 1, 2013 at Fort Eustis, Virginia site after Employer replaced government contractor Nayyar Son's Food Corporation as Food Service provider. Employer signed a Memorandum of Acceptance for the

remainder of the contract and a new contract to cover the period from March 1, 2015 to February 28, 2018. A copy of the Labor Contract is attached as Exhibit "1."

10.     The Employer assumed the Labor Contract with the ITPEU September 13, 2013 at Langley Air Force Base Dining Hall, Virginia site after Employer replaced a government contractor as Food Service provider. Employer signed a Supplemental Agreement for the remainder of the contract and a new contract to cover the period from September 1, 2016 to August 31, 2019. A copy of the Labor Contract is attached as Exhibit "2."

11.     The Employer also signed or agreed to abide by the terms of the Declarations of Trust of the Funds as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

12.     Under the Labor Contract or Trust Agreement, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract or Trust Agreement;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's records concerning its obligations to the Funds; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

13.     Employer was selected for a compliance audit for the period from January 1, 2014 to December 31, 2016. Employer provided documents to conduct the payroll review of records to

determine whether Employer was submitting contributions in accordance with the terms of the collective bargaining agreement. According to the audit report, i.e. payroll review, the Pension Fund was owed $16,776.95 in contributions, the Welfare Fund was owed $40,311.07 in contributions, and the Annual Fund was owed $9,193.14 in contributions. On July 24, 2019, Fund Counsel sent the Employer a copy of the audit report. The letter required payment of the amounts listed in the audit report within 30 days of the letter. The Employer failed to pay the outstanding amounts or otherwise respond. A true and correct copy of the audit report is hereto attached as Exhibit 3. A true and correct copy of the letter is attached as Exhibit 4.

14.     Duane Thompson, President of Defendant Sabrosa Foods, Inc. had formerly been an Employer Trustee on the Annual Fund. On August 30, 2019, Fund Counsel sent a courtesy reminder email to Mr. Thompson that the payments had not been received by the Funds. Fund Counsel did not receive a response to her email. A true and correct copy of the August 30, 2019 letter is attached as Exhibit 5.

15.     The Employer paid contributions to the Pension Fund late for the months of December 2016, January 2017, February 2017, March 2017, April 2017, and May 2017 accruing interest in the amount of $1,177.86 which is outstanding. Interest was calculated from the date payment of the contribution was due to the date of actual payment. Employer agreed to be bound by the terms of the Funds' Trust Agreements. The Trust Agreements provide for interest to be paid on contributions that were paid after the due date. An itemization of the accrued interest due to the Pension Fund is attached as Exhibit 6.

16.     The Employer paid contributions to the Annual Fund late for the period from November 2016 to May 2017 accruing interest in the amount of $799.32 which is outstanding.

Interest was calculated from the date payment of the contribution was due to the date of actual payment.

17.     Employer has not responded to any further contact from Funds or Fund Counsel, nor have the outstanding amounts in the audit report or the outstanding interest been paid.

## COUNT I

## CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

18.     The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19.     The Employer owes the Pension Fund at least $16,776.95 in contributions due under the Labor Contract as revealed in the payroll audit.

20.     The Employer owes the Pension Fund the sum of $1,177.86 in interest due to late payment of contributions for the December 2016, January 2017, February 2017, March 2017, April 2017, and May 2017.

21.     The Employer owes the Welfare Fund at least $40,311.07 in contributions due under the Labor Contract as revealed in the payroll audit.

22.     The Employer owes the Annual Fund at least $9,193.14 in contributions due under the Labor Contract as revealed in the payroll audit.

23.     The Employer owes the Annual Fund the sum of $799.32 in interest for late payment of contributions for the period from December 2016 to May 2017.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $17,954.81, in favor of the Welfare Fund for at least $40,311.07, and in favor of the Annual Fund for at least $9,992.46, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II

## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

24.     The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25.     The Employer has failed to pay contributions to the Funds in violation of 29 U.S.C. § 1145.

26.     The Employer owes the Pension Fund the sum of $16,776.95; as well as the Welfare Fund the sum of $40,311.07 and the Annual Fund the sum of $9,193.14 in contributions, interest and liquidated damages due under the Labor Contract or Trust Agreement as revealed in the payroll audit.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $16,776.95 in favor of the Welfare Fund for at least $40,311.07, and in favor of the Annual Fund for at least $9,193.14, together with interest, liquidated damages provided by the documents

governing the Funds or ERISA 29 U.S.C. §1132(g)(2) and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____
SUSAN A. MURRAY, ESQUIRE
Attorneys for Plaintiffs

Date: September 12, 2019