## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ITPEU PENSION FUND, et al. | : | CIVIL ACTION |
| | : | |
| | : | No. 2:19-cv-17971-KM-ESK |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SABROSA FOODS, INC. | : | |
| | : | |
| Defendant | : | |

### ORDER AND DEFAULT JUDGMENT

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund"), ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold Gelber ("Welfare Fund") and ITPEU Annual Benefit Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and John Morgan ("Annual Fund", hereinafter collectively called the "Funds"), it appears to the Court that Defendant Sabrosa Foods, Inc. ("Defendant") was served with process on January 21, 2020 and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered;

**IT IS** this 16th day of July, 2020 **ORDERED** as follows:

1. Plaintiffs' unopposed motion for judgment by default **(DE 7)** is **GRANTED**.

2. Judgment is hereby entered against the Defendant and in favor of the Plaintiffs in the amount of Ninety-Two Thousand, Five Hundred Twenty-Eight Dollars and Four Cents ($92,528.04) including:

    a. Unpaid contributions according to the audit report in the amount of Sixteen Thousand, Seven Hundred, Seventy-Six Dollars and Ninety-Five Cents ($16,776.95) owed by Defendant to the Pension Fund pursuant to ERISA 29 U.S.C. §1132(g)(2)(A) and the Labor Contract;

    b. Interest accrued through March 6, 2020 in the amount of One Thousand, Nine Hundred Seventy-Seven Dollars and Forty-Nine Cents ($1,977.49) to the Pension Fund on the contribution amount owed according to the audit report as provided by 29 U.S.C. §1132(g)(2)(B) and Pension Fund Trust Agreement.  The contribution amount shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B), as from time to time amended, until the date of actual payment.

    c. Liquidated damages owed to the Pension Fund pursuant to 29 U.S.C. §1132(g)(2)(C)(ii) and the Pension Fund Trust Agreement of 20% of the contributions owed according to the audit report, in the amount of Three Thousand Three Hundred, Fifty-Five Dollars and Thirty-Nine Cents ($3,355.39).

    d. Outstanding contractual interest owed to the Pension Fund in the amount of One Thousand, One Hundred Seventy-Seven Dollars and Eighty-Six Cents ($1,177.86) for late payments of contributions for the months of December 2016, January 2017, February 2017, March 2017, April 2017, and May 2017.

    e. Unpaid contributions according to the audit report in the amount of Forty Thousand, Three Hundred Eleven Dollars and Seven Cents ($40,311.07) owed by Defendant to the Welfare Fund pursuant to ERISA 29 U.S.C. §1132(g)(2)(A) and the Labor Contract;

    f. Interest accrued through March 6, 2020 in the amount of Four Thousand, Seven Hundred Fifty-One Dollars and Forty-Four Cents ($4,751.44) for the Welfare Fund on the contribution amount owed according to the audit report as provided by 29 U.S.C. §1132(g)(2)(B) and

Welfare Fund Trust Agreement. The contribution amount shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B), as from time to time amended, until the date of actual payment.

g.  Liquidated damages owed to the Welfare Fund pursuant to 29 U.S.C. §1132(g)(2)(C)(ii) and the Welfare Fund Trust Agreement, of 20% of the contributions owed according to the audit report, in the amount of Eight Thousand, Sixty-Two Dollars and Twenty-One Cents ($8,062.21).

h.  Unpaid contributions according to the audit report in the amount of Nine Thousand, One Hundred, Ninety-Three Dollars and Fourteen Cents ($9,193.14) owed by Defendant to the Annual Fund pursuant to ERISA 29 U.S.C. §1132(g)(2)(A) and the Labor Contract;

i.  Interest accrued through March 6, 2020 in the amount of One Thousand, Eighty-Three Dollars and Fifty-Nine Cents ($1,083.59) for the Annual Fund on the contribution amount owed according to the audit report as provided by 29 U.S.C. §1132(g)(2)(B) and Annual Fund Trust Agreement. The contribution amount shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B), as from time to time amended, until the date of actual payment.

j.  Liquidated damages owed to the Annual Fund pursuant to 29 U.S.C. §1132(g)(2)(C)(ii) and the Annual Fund Trust Agreement, of 20% of the contributions owed according to the audit report, in the amount of One Thousand, Eight Hundred Thirty-Eight Dollars and Sixty-Three Cents ($1,838.63).

k.  Outstanding contractual interest owed to the Annual Fund in the amount of Seven Hundred Ninety-Nine Dollars and Thirty-Two Cents ($799.32) for late payments of contributions for the period of November 2016 through May 2017.

l.  Attorneys' fees and costs as provided in 29 U.S.C. §1132(g)(2)(D) incurred by the Funds in this matter in the total amount of Three Thousand, Two Hundred Dollars and Ninety-

Five Cents ($3,200.95), which includes attorneys' fees of Two Thousand, Six Hundred Forty-Five Dollars and Zero Cents ($2,645.00) and litigation costs of Five Hundred Fifty-Five Dollars and Ninety-Five Cents ($555.95) incurred through March 6, 2020.

3. This Order and Judgment is enforceable, without duplication, by the Funds, or their agents.

**BY THE COURT:**

/s/ Kevin McNulty

**KEVIN MCNULTY**
**United States District Judge**